

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 14, 2016**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| B & D PEARSON FARMS, LLC, | § | Case No.: 16-50114-RLJ-12 |
| Debtor. | § § | |
| | § § | |
| DOUBLE P FARMS, | § | Case No.: 16-50115-RLJ-12 |
| Debtor. | § § | |

## MEMORANDUM OPINION AND ORDER

Page 1

The two debtors here, Double P Farms, a partnership, and B & D Pearson Farms, LLC, move for authority to use over $800,000 of cash collateral in which their principal lender, City Bank, holds an interest.[1] City Bank objects to the debtors' use of the cash collateral and, in addition, asks that the stay be lifted against the cattle held by Double P Farms that are part of Double P Farms' cow/calf operation. City Bank holds several promissory notes and is owed an aggregate sum of approximately $2.4 million. Hearing was held June 9–10, 2016.

The Court denies the debtors' present motion to use cash collateral. The Court denies, on a preliminary basis, City Bank's motion seeking the lifting of the automatic stay as to the cattle.

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (M).

## I.

The debtors' proposal regarding the use of cash collateral will not adequately protect City Bank's interest in the cash. *See* 11 U.S.C. § 363(c)(2), (e). The proposed protection, a replacement lien on the debtors' cotton crop that, according to the testimony of David Pearson, was planted after the May 5, 2016 filing date. According to Pearson, the 2016 cotton crop will generate over $1 million in income. This is optimistic. Of greater significance, and concern, are the debtors' projected expenses, i.e., the budget for the use of the cash collateral. The projected expenses for the debtors' farming operations are unrealistic and thus unreliable. The projected expenses are significantly less than the debtors' historical averages. For example, the debtors' cost per acre for the cotton crop is almost $200 less than their historical average.

The debtors do not propose to repay the cash collateral at the end of the 2016 crop year. They instead propose to repay it over five years as part of a chapter 12 plan. But, given their flawed

---

[1] The partners of Double P Farms are David Pearson and Jacqueline Pearson, each holding a 25% interest, and Bobby Pearson, who holds a 50% interest. They own the same respective membership interests of B&D Pearson Farms, LLC.

Page 2

projections, on both the income side and the expense side, a five-year payout is not sustainable. They do not, at present, have an alternative plan for financing operations beyond 2016.

## II.

City Bank submits that the debtors' circumstance requires that the stay be lifted as to the cattle held by Double P. If granted, this would shutdown Double P's cow/calf operation. And denial of the use of cash collateral certainly jeopardizes the debtors' ability to continue long-term with its cow/calf operation. The parties stipulated that the cattle have a value of $500,000 and that the debtor is presently holding funds attributable to prior sales of cattle of approximately $417,000. At least $317,946 of this sum was realized on a sale conducted after the filing of the bankruptcy cases. At the time the parties' interim agreement concerning the use of cash collateral was announced, the debtors anticipated having over $520,000 of proceeds from the sale of cattle. *See also Emergency and Temporary Motion for Use of Cash Collateral* [Case No. 16-50115, Doc No. 11], attached budget. The relationship of these three amounts—the stipulated value of cattle, funds presently being held from cattle sales, and the projected revenues from cattle sales—is unclear.

At the conclusion of the hearing, the Court questioned counsel regarding their respective clients' positions on whether City Bank's prepetition liens attached to the post-petition cotton crop. As anticipated, City Bank, through counsel, takes the position that its liens do cover the crops since it has a lien against the cotton seed used for the planting. The debtors, through counsel, contend that City Bank's lien does not so attach. An inventory of cotton seed is not disclosed in the debtors' schedules. The Court does not resolve this issue as it was not a focus of the evidence or of the legal issues presented by the parties. If the bank's lien does not attach to the cotton crop, the debtors have the potential of realizing significant, unencumbered income. David Pearson further testified that Double P was denied financing shortly before the bankruptcy filing because City Bank refused

to subordinate its lien on the crops. If the crop is presently unencumbered, a subordination for financing is unnecessary.

According to Pearson, Double P has three months of feed on hand for the cattle. The cattle are presently in good condition and are generally well cared for.

This case was filed on May 5, 2016; the creditors meeting is set for June 14, 2016. The debtors' chapter 12 plans are due ninety days after the filing date. *See* 11 U.S.C. § 1221. These cases are still in their early stages. In addition, the parties entered into an interim agreement for the temporary use of cash collateral. The referenced budget for such agreement reflects $149,411 of allowed expenses ($218,411 less $69,000 for a lease payment). *Emergency and Temporary Motion for Use of Cash Collateral* [Case No. 16-50115, Doc No. 11], attached budget. The parties failed to submit an order on this, however. The status of such usage is unclear.

Double P's cow/calf operation is a principal source of income for Double P. Given the potential of alternative financing and the realization of income from the cotton crop, the Court cannot, at this stage of the bankruptcy proceedings, conclude that the debtors are unable to propose viable chapter 12 plans within the timeframe contemplated by the Bankruptcy Code. City Bank's stay motion was filed June 1, 2016, and was set on an expedited basis at the bank's request. As stated above, hearing on these matters was held June 9, 2016. The Court treats the hearing on the stay motion as a preliminary hearing and will deny the stay relief, pending a final hearing on July 13, 2016, at 10:00 A.M.

It is, therefore,

ORDERED that the debtors' motion to use cash collateral is denied; it is further

ORDERED that City Bank's motion for relief from the automatic stay for the cattle held by Double P Farms is preliminarily denied; it is further

ORDERED that final hearing on the motion for relief from the automatic stay is set on July 13, 2016, at 10:00 A.M., in Room 314, 1205 Texas Avenue, Lubbock, Texas.

### End of Memorandum Opinion and Order ###